# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                         Plaintiff,<br>  v.<br>VICTOR MANUEL SILVA, JR,<br>                                         Defendant. | Case No. 10cr3986-BTM<br><br>**ORDER RE REQUEST FOR EXTENSION OF TIME TO FILE APPEAL** |

On August 16, 2011, Defendant filed a notice of appeal from a July 13, 2011 order denying Defendant's motion for bail pending sentencing. Because Defendant's notice of appeal was filed more than 14 days after the entry of the order, but within 30 days after the expiration of the time to file the notice of appeal, the Ninth Circuit Appellate Commissioner remanded this case to provide Defendant an opportunity to request an extension of time to file the notice of appeal. At an August 29, 2011 hearing, Defendant requested this time extension. Based on representations by Defendant's counsel at the hearing, the government does not oppose this request.

Pursuant to the Federal Rules of Appellate Procedure governing appeals in a criminal case, the Court may extend time to file a notice of appeal for a 30 day period after the expiration of time to file the notice of appeal upon a finding of good cause or excusable neglect. Fed. R. App. P. 4(b)(4). Mistake of counsel does not constitute excusable neglect. *United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211, 213 (9th Cir. 1990).

At the August 29, 2011 hearing, Defendant's counsel made the following

representations:

(1) On July 14, 2011, the day after the Court entered the order denying Defendant's motion for bail, Defendant was moved from a local detention facility to a facility in California City, California.  This facility is at least a four hour drive from San Diego..

(2) On July 21, 2011, Defendant's counsel learned from the U.S. Marshall that Defendant was being held in this facility in a segregated unit.  Defendant's use of the telephone was severely limited in this unit, and Defendant's counsel believed that video conferencing with Defendant would lack confidentiality.

(3) On July 21, 2011, Defendant's brother called the defense counsel and said that Defendant was "fine."  Defendant's counsel was not sure whether that statement meant that Defendant was fine with his placement in California City or is fine with the bail decision.  Defendant's counsel asked for clarification and Defendant's brother responded that he was unsure.

(4) On July 21, 2011, Defendant's counsel sent Defendant a letter asking if Defendant wanted to proceed with the bail appeal.  The Defendant never received this letter.

(5) On August 16, 2011, after not receiving any response from Defendant, Defendant's counsel filed a notice of appeal.

Based on these facts, the Court **GRANTS** Defendant's request and extends the time to file the notice of appeal for 30 days following the expiration of the original time to file the notice of appeal.  Given the distance between Defendant's counsel and Defendant, as well as restrictions on Defendant's use of forms of communication, Defendant's counsel took reasonable steps to communicate with his client. The Court finds that Defendant's counsel's inability to contact his client within fourteen days of the entry of the bail order to determine if he wished to appeal constitutes good cause under Fed. R. App. P. 4(b)(4).

//
//
//
//

The clerk shall serve a copy of this decision on the Ninth Circuit Appellate Commissioner and the clerk of the Ninth Circuit.

**IT IS SO ORDERED.**

DATED: August 30, 2011

_Barry Ted Moskowitz_
Honorable Barry Ted Moskowitz
United States District Judge